IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MANUEL PEREZ-COLON,<br><br>**Plaintiffs**<br><br>        **v.**<br><br>ALEX CAMACHO ET AL.,<br><br>**Defendants** | **CIVIL NO.** 02-2413 (JAG) |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

GARCIA-GREGORY, D.J.

   This case is before the Court on remand from the United States Court of Appeals for the First Circuit.  The matter was referred to Magistrate-Judge Bruce McGiverin.  Pending before the Court is the Magistrate-Judge's Report and Recommendation along with objections thereto.

**FACTUAL AND PROCEDURAL BACKGROUND**

   In 1998, a federal jury convicted Manuel Perez-Colon ("plaintiff", "appellee") of various drug offenses and he was sentenced to a term of imprisonment.  Because he was also serving a sentence imposed by the courts of the Commonwealth of Puerto Rico, he was confined to a Commonwealth correctional institution.  On January 18, 2002, plaintiff escaped from custody.  He was arrested on February 6, 2002 by Alexander Camacho, Deputy United States Marshal ("DUSM Camacho").  On that date, DUSM Camacho seized certain

Civil No. 02-2413 (JAG)                                              2

property in plaintiff's possession, including $3,000 in cash.  DUSM Camacho provided plaintiff with a receipt for the money and subsequently turned the money over to the Puerto Rico Department of Treasury, receiving a receipt dated June 18, 2002.  (See Docket No. 39-2).

On September 18, 2002, plaintiff/appellee filed a complaint seeking to recover the $3,000 taken from him during his arrest.  The complaint named as defendants DUSM Comacho, the U.S. Marshal for the District of Puerto Rico, Herman Wirshing, and the United States Marshals Service ("USMS").  This initial complaint was dismissed by the district court. Plaintiff then appealed. Vacating judgment and remanding the matter, the First Circuit instructed this court to treat plaintiff's request for relief as a motion for return of property under Fed. R. Crim. P. 41(g), which provides in pertinent part: "A person aggrieved by an unlawful search and seizure of property *or by the deprivation of property* may move for the property's return." (emphasis added).  Specifically, the First Circuit noted the emphasized clause stating that, "41(g) applies to legally as well as to illegally, seized property." Perez-Colon v. Camacho, 206 Fed. Appx. 1, 4 (1st Cir. 2006).  Further, the First Circuit dictated that "[i]t is the government's burden after the termination of criminal proceedings to demonstrate that return of property is not warranted, and one way that the government may meet this burden is to show 'a cognizable claim of ownership or right to

Civil No. 02-2413 (JAG)                                                    3

possession adverse to that of the movant.'" Id., quoting United States v. Chambers, 192 F.3d 374, 377 (3rd Cir. 1999).

In light of the instruction on remand, this Court referred the matter to the Magistrate-Judge to celebrate a hearing and make a finding on the nature of the Commonwealth's interest in plaintiff's money and on whether the transfer of his money was lawful. (See Docket No. 57). The Magistrate-Judge entered an order on January 29, 2007, setting an evidentiary hearing and ordering defendants to file by February 8, 2007, a memorandum addressing the issues. Also, defendants were ordered to attach to the motion any supporting documentary evidence. (Docket No. 61). Defendants filed a memorandum on February 8, 2007 arguing that the money was transferred to the Commonwealth pursuant to a "Memorandum of Understanding (MOU) between the USMS and the local Law enforcement authorities governing task force operations in the District of Puerto Rico," and that "the Commonwealth's interest is to enforce its income tax laws." (Docket No. 62 at 1). Defendants did not, however, attach a copy of the MOU or any other documentation to substantiate their arguments. On March 23, 2007, the Magistrate-Judge entered an order re-setting the date for an evidentiary hearing and noting defendants' failure to comply with his previous order since their motion failed to include any documentary evidence to support their contentions. Defendants were ordered to submit documentation to meet their burden of proof by April 2, 2007.

Civil No. 02-2413 (JAG)                                                    4

(Docket No. 68). The defendants did not comply with this order; no documentation was submitted to the Court. At the time of the evidentiary hearing, the defendants had not produced any evidence to sustain their burden pursuant to the Fed. R. Crim. P. 41(g). Basing his decision on defedants non-compliance with their evidentiary burden, the Magistrate-Judge recommended that plaintiff's motion for return of property be granted.

## DISCUSSION

A. <u>Standard for Reviewing a Magistrate-Judge's Report and Recommendation</u>

A district court may, on its own motion, refer a pending matter to a United States Magistrate-Judge for a report and recommendation. <u>See</u> 28 U.S.C. §636(b)(1)(B); Fed.R.Civ.P. 72(b); Rule 503, Local Rules, District of Puerto Rico. Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 510.2, the adversely affected party may contest the report and recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. 28 U.S.C. § 636(b)(1). The Court must then make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made. <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 673 (1980); <u>Lopez v. Chater</u>, 8 F. Supp.2d 152, 154 (D.P.R. 1998). The Court may accept, reject or modify, in whole or in part, the Magistrate-Judge's recommendations.

Civil No. 02-2413 (JAG)                                                5

"Failure to raise objections to the Report and Recommendation waives [that] party's right to review in the district court and those claims not preserved by such objections are precluded on appeal." Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992)(citations omitted).

B. Petitioner's objections to the Report and Recommendation

Defendants object to the Report and Recommendation on the ground that it was decided without consideration of new documentary evidence which would sustain their burden of proof. Rather than take objection to the merits of the Report and Recommendation, defendants ask the Court to review the Magistrate-Judge's decision in light of this new evidence, which they attach to their objection to Magistrate's Report and Recommendation.

C. Analysis

The First Circuit remanded this case for the Court to divine the precise nature of the Commonwealth's interest in the appellant/plaintiff's money and to determine whether the transfer of that money was lawful. To make such a decision, the Court must have found that "[t]he government. . . [met] this burden by demonstrating 'a cognizable claim of ownership or right to possession' adverse to that of the movant." United States v. Chambers, 192 F.3d 374 (3rd Cir. 1999) (quoting United States v. Van Cauwenberghe, 934 F.2d 1048, 1061 (9th Cir.1991)). The defining principle here is that

Civil No. 02-2413 (JAG)                                           6

"[t]he government must do more than state, without documentary support, that it no longer possesses the property at issue." Mora v. United States, 955 F.2d 156, 159 (2d Cir. 1992). As the Magistrate-Judge clearly points out, defendants did not present evidentiary support for their contentions that the Commonwealth had a valid interest in the seized funds and that the transfer of said funds was legal. At two junctures, the first on January 29, 2007 and again on March 23, 2007, the Court requested documentary evidence. None was tendered. Defendants argue that they now are able to produce evidence. However, the sentiments of the First Circuit are echoed here: "Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round." Paterson-Leitch Co. Inc. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988). The defendants were afforded ample opportunity to present the evidence required yet continuously failed to comply with the deadlines imposed by the Court and ultimately, appeared empty handed at the hearing before the Magistrate-Judge. Moreover, even in the event that the Court would allow this belated evidence into consideration, said evidence falls short of carrying the defense's burden of proof. Nothing in the MOU or attached exhibits evinces a cognizable claim of ownership or right to possession adverse to that of the movant. At best, the attached exhibits

Civil No. 02-2413 (JAG)                                                         7

simply confirm the Commonwealth's receipt of the funds and thereby serve to circumscribe the still-conspicuous lack of evidentiary corroboration requested by the Magistrate-Judge on January 29 and March 23, 2007.  Taking all into consideration, the Court will not undermine the efficacies of the system by allowing the defendant what in essence would be a second chance at a hearing.

### CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation in its entirety and accordingly, **GRANTS** plaintiff's motion for return of property.

Defendants are **ORDERED** to tender to plaintiff, within the next thirty (30) days, the amount of $3,000 plus interest.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 28th day of August, 2007.

                                        S/Jay A. Garcia-Gregory
                                        JAY A. GARCIA-GREGORY
                                        United States District Judge